

FILED

10/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0464

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 21-0464

LYLE PERRY TAGGART,

    Petitioner,

v.

JIM SALMONSEN,
Warden,
Montana State Prison, Deer Lodge,

    Respondent.

FILED

OCT 0 5 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

In a hand-written, one-page "Petition for Habeas Relief[,]" self-represented Petitioner Lyle Perry Taggart alleges that the Sixteenth Judicial District Court, Custer County, did not comply with this Court's 2014 Order, remanding the matter for resentencing. *See Taggart v. Kirkegard*, No. OP 14-0558, Order (Mont. Oct. 22, 2014). Taggart asserts that his original twenty-year sentence as a persistent felony offender (PFO) should stand. He maintains that his convictions for felony sexual intercourse without consent and felony sexual assault violate double jeopardy.

In 1999, the Sixteenth Judicial District Court, Custer County, sentenced Taggart to two, consecutive forty-year sentences for felony sexual intercourse without consent and felony sexual assault to be served in the Montana State Prison (MSP). Taggart entered guilty pleas to these convictions in exchange for the dismissal of three other counts of sexual assault. The District Court also imposed a consecutive twenty-year sentence as a PFO. Taggart's total sentence was one hundred years.

Taggart sought habeas corpus relief in 2014, arguing that he was illegally sentenced as a PFO. Pursuant to *State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74 (*Gunderson II*), we remanded his underlying criminal case to the District Court for resentencing to remove the additional PFO sentence.

Through counsel, Taggart appealed the December 12, 2014 Sentencing Order. In its Order, the District Court resentenced Taggart to MSP for sixty years for sexual intercourse without consent and to a consecutive forty-year term for sexual assault. On appeal, Taggart's counsel moved to withdraw because no nonfrivolous issues existed. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) and § 46-8-103(2), MCA. We ordered that Taggart file a response to counsel's motion, and Taggart did not do so. On March 16, 2016, this Court dismissed Taggart's appeal. *State v. Taggart*, No. DA 15-0076, Order (Mont. Mar. 29, 2016).

This Court has addressed Taggart's arguments previously. We point out that his double jeopardy argument lacks merit because he did not challenge it in either appeal. Section 46-22-101(2), MCA. Taggart has not demonstrated an illegal sentence. While Taggart's total sentence remains a 100-year prison term, none of his sentence constitutes a PFO sentence. The original infirmity has been remedied. Taggart is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Taggart's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Lyle Perry Taggart personally.

DATED this 5 day of October, 2021.

_____
Chief Justice

_____

_____

_____

2

_____
Justices